F I L E D
United States Court of Appeals
Tenth Circuit

MAR 14 2000

PATRICK FISHER
Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BEN EZRA, WEINSTEIN, AND
COMPANY, INC.,

      Plaintiff-Appellant,

v.

      No. 99-2068

AMERICA ONLINE INCORPORATED,

      Defendant-Appellee.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-97-485-LH/LFG)**

Shannon L. Donahue, P.C., Albuquerque, New Mexico (argued), (Esteban A. Aguilar of Aguilar Law Offices, P.C., Albuquerque, New Mexico; Mark A. Glenn of Moses, Dunn, Farmer & Tuthill, P.C., Albuquerque, New Mexico; Paul J. Kennedy of Pepper, Hamilton & Scheetz, LLP, Philadelphia, PA, on the brief), for Plaintiff-Appellant.

Patrick J. Carome of Wilmer, Cutler & Pickering, Washington, D.C. (John Payton, Samir Jain, Matthew Brill, of Wilmer, Cutler & Pickering, Washington, D.C.; Laura E. Jehl, of America Online, Inc., Dulles, Virginia; John G. Baugh of Eaves, Bardacke, Baugh, Kierst & Kiernan, P.A., Albuquerque, New Mexico, with him on the brief), for Defendant-Appellee.

Before **BALDOCK**, **BRORBY**, and **LUCERO**, Circuit Judges.

**BALDOCK**, Circuit Judge.

Section 509 of the Communications Decency Privacy Act of 1996, Pub.L. No. 104-104, 110 Stat. 137-39 (codified at 47 U.S.C. § 230), provides in relevant part: "No provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The principal issue in this case is whether America Online acted as an information content provider outside the scope of § 230 immunity when it provided access to allegedly inaccurate information regarding Ben Ezra, Weinstein, and Company's publicly traded stock. We hold that America Online acted solely as an interactive computer service provider and therefore is immune from suit under § 230.

## I.

Defendant America Online Incorporated operates a large interactive computer service, through which millions of subscribers can access various information and information services, including the Internet. Through its Quotes & Portfolios service area, Defendant publishes continuously updated stock quotation information concerning more than 40,000 publicly traded stocks and securities. The stock quotation information includes data about the market price for specific stocks and the volume of shares traded in the current or previous trading day. Two independent third parties–S&P ComStock, Inc., a stock quote provider, and Townsend Analytics, Ltd., a software provider designated by ComStock–jointly provide this information to Defendant. The original sources for this information are major national and international stock exchanges and

stock markets, including the New York Stock Exchange, the American Stock Exchange, and the Over-the-Counter market.

Plaintiff Ben Ezra, Weinstein, and Company, an Albuquerque-based, publicly owned company, designs and manufactures corporate finance computer software. In March 1997, Plaintiff filed an action in New Mexico state court against Defendant asserting state law claims for defamation and negligence. In its complaint, Plaintiff sought both damages and injunctive relief. Plaintiff alleged that on three occasions Defendant published incorrect information concerning Plaintiff's stock price and share volume. Plaintiff claimed Defendant defamed Plaintiff by publishing the allegedly inaccurate information. Plaintiff also claimed Defendant failed to exercise reasonable care in the manipulation, alteration, and change of the stock information.

Defendant removed the action to federal court on the basis of diversity of citizenship. See 28 U.S.C. §§ 1332 & 1441. After answering Plaintiff's amended complaint, Defendant moved for summary judgment on the ground that the Communications Decency Act, 47 U.S.C. § 230, provided Defendant with immunity from Plaintiff's suit. See Fed. R. Civ. P. 56. Defendant also filed a motion to stay discovery pending resolution of its summary judgment motion. Plaintiff filed a cross-motion for summary judgment.

Plaintiff also filed a motion pursuant to Fed. R. Civ. P. 56(f) seeking authorization

3

to conduct discovery.[1] A magistrate judge granted Plaintiff a continuance and permitted it to inquire into five factual topics relating to whether Defendant qualified for § 230 immunity.[2] The magistrate judge allowed Plaintiff to serve twenty-five interrogatories and take four depositions on those five topics. After conducting discovery pursuant to the magistrate judge's order, Plaintiff sought permission to conduct additional discovery. The magistrate judge denied the motion, finding that Plaintiff's request exceeded the

---

[1] Fed. R. Civ. P. 56(f) provides,

Should it appear from the affidavits of a party opposing the [summary judgement] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

[2] Those five topics were:

(1) Whether a problem(s) with the interconnected personal computers owned and used by Defendant altered or manipulated the securities information from ComStock;

(2) How the ComStock machines and Defendant's personal computers interact;

(3) The alterations Defendant makes to the stock data it takes from the ComStock/Townsend Database. The alterations Defendant believes are substantive;

(4) How the errors in Plaintiff's stock information actually occurred;

(5) Whether computer software created by Defendant "to perform the task of displaying particular information contained in the ComStock/Townsend Database" caused or allowed the erroneous reporting of Plaintiff's stock information.

4

originally authorized discovery and that Plaintiff failed to demonstrate the previously authorized depositions or written discovery were insufficient to respond to Defendant's summary judgment motion. Plaintiff appealed the magistrate judge's order to the district court. Plaintiff also moved for leave to amend its complaint to join ComStock and Townsend as defendants to its action. Finally, Plaintiff moved to stay proceedings against Defendant to allow it to take discovery from ComStock and Townsend.

The district court granted Defendant's motion for summary judgment and denied Plaintiff's cross-motion for summary judgment. The district court concluded that the undisputed evidence established Defendant never produced or created any of the allegedly inaccurate information. Consequently, the district court held that § 230 required dismissal of all Plaintiff's claims. In addition, the district court denied as moot Plaintiff's motions to stay proceedings and join additional defendants. Finally, the district court overruled Plaintiff's objection to the magistrate judge's order denying leave to take further discovery. Plaintiff appeals.

On appeal, Plaintiff argues the district court (1) erred in concluding that Defendant was immune from suit under § 230 as a matter of law, (2) abused its discretion in overruling Plaintiff's objection to the magistrate judge's order denying it leave to take additional discovery, and (3) abused its discretion in denying Plaintiff's motions to stay proceedings and for leave to amend the complaint to join additional defendants. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

5

II.

Plaintiff argues Defendant is not immune from suit under 47 U.S.C. § 230 because Defendant acts as both an interactive computer service and an information content provider by participating in the creation and development of the stock quotation information. The district court, however, concluded that Defendant qualified for statutory immunity pursuant to § 230. First, the district court noted that Plaintiff did not dispute that Defendant was an "interactive computer service" as defined by § 230. Further, the district court found no evidence in the record that Defendant provided <u>any</u> of the stock quote information at issue. Consequently, the district court granted Defendant's motion for summary judgment.

We review the grant of summary judgment de novo, applying the same legal standard used by the district court under Fed. R. Civ. P. 56(c). <u>United States v. Hess</u>, 194 F.3d 1164, 1170 (10th Cir. 1999). We also review de novo the district court's interpretation of a federal statute. <u>Id</u>. In construing a federal statute, we "'give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive.'" <u>Id</u>. (quoting <u>Negonsott v. Samuels</u>, 507 U.S. 99, 104 (1993)).

47 U.S.C. § 230 creates a federal immunity to any state law cause of action that would hold computer service providers liable for information originating with a third party. <u>See</u> <u>id.</u> § 230(e)(3) ("No cause of action may be brought and no liability may be

6

imposed under any State or local law that is inconsistent with this section.").  Specifically,

§ 230(c)(1) provides:  "No provider or user of an interactive computer service shall be

treated as the publisher or speaker of any information provided by another information

content provider."  Section 230(f)(2) defines "interactive computer service" as "any

information service, system, or access software provider that provides or enables

computer access by multiple users to a computer service, including specifically a service

or system that provides access to the Internet . . . ."  Finally, § 230(f)(3) defines

"information content provider" as "any person or entity that is responsible, in whole or

in part, for the creation or development of information provided through the Internet or

any other interactive computer service."[3]

Plaintiff does not dispute that Defendant clearly fits within the definition of

"interactive computer service" and that ComStock and Townsend are "information

---

[3]  Congress enacted § 230 to promote freedom of speech in the "new and burgeoning Internet medium" by eliminating the "threat [of] tort-based lawsuits" against interactive services for injury caused by "the communications of others."  Zeran v. America Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997).  "The Internet is a unique and wholly new medium of worldwide human communication," which "enable[s] tens of millions of people to communicate with one another and to access vast amounts of information from around the world."  Reno v. ACLU, 521 U.S. 844, 850 (1997) (internal quotation and citation omitted).  In enacting § 230, Congress specifically found that "[t]he Internet and other interactive computer services offer a forum for a true diversity of political discourse, unique opportunities for cultural development, and myriad avenues for intellectual activity."  47 U.S.C. § 230(a)(3).  Congress further stated, "It is the policy of the United States . . . to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation."  Id. at § 230(b)(2).

content providers" as defined by § 230(f). Plaintiff argues, however, that Defendant worked so closely with ComStock and Townsend in the creation and development of the stock quotation information that it also operated as an "information content provider." Defendant, on the other hand, claims it played no role in the creation or development of the stock quotation information.[4]

We believe Plaintiff has not demonstrated Defendant worked so closely with ComStock and Townsend regarding the allegedly inaccurate stock information that Defendant became an information content provider. While Defendant did communicate with ComStock and Townsend each time errors in the stock information came to its attention, such communications simply do not constitute the development or creation of the stock quotation information. Rather, the evidence Plaintiff presented indicated that the communications consisted of e-mails from Defendant requesting ComStock correct the allegedly inaccurate information.[5]

Plaintiff argues that Defendant deleted some stock symbols or other information from the data base in an effort to correct the errors. Plaintiff further argues that such

---

[4] Defendant initially argued it was entitled to absolute immunity as an interactive computer service. At oral argument, however, Defendant conceded that § 230 would not immunize Defendant with respect to information Defendant developed or created by itself. In addition, Defendant conceded that in an appropriate situation, an interactive computer service could also act as an information content provider by participating in the creation or development of information, and thus not qualify for § 230 immunity.

[5] At oral argument, the court continually asked Plaintiff what evidence the record contained to support her argument. Plaintiff could not identify any evidence indicating Defendant developed or created the stock quotation information.

alteration of information constitutes "creation or development" of information and transforms Defendant into an "information content provider." By deleting the symbols, however, Defendant simply made the data unavailable and did not develop or create the stock quotation information displayed.

Congress clearly enacted § 230 to forbid the imposition of publisher liability on a service provider for the exercise of its editorial and self-regulatory functions. See Zeran v. America Online, 129 F.3d, 327, 331 (4th Cir. 1997) (in enacting § 230, Congress sought "to encourage service providers to self-regulate the dissemination of offensive material over their services" and to remove disincentives to self-regulation); Blumenthal v. Drudge, 922 F. Supp. 44, 52 (D.D.C. 1998) (§ 230 forbids the imposition of publisher liability on a service provider for the exercise of its editorial and self-regulatory functions); 141 Cong. Rec. H8460-01, H8470 (1995) (statement of Rep. Barton) (Congress enacted § 230 to give interactive service providers "a reasonable way to . . . help them self-regulate themselves without penalty of law"). By deleting the allegedly inaccurate stock quotation information, Defendant was simply engaging in the editorial functions Congress sought to protect.

Plaintiff presents no evidence to contradict Defendant's evidence that ComStock and Townsend alone created the stock information at issue. Moreover, Plaintiff presents no evidence to suggest that Defendant was "responsible, in whole or in part, for in the creation and development of information" published on its Quotes & Portfolios area. See

9

47 U.S.C. § 239(f)(3). In fact, the contract between Defendant and ComStock specifically provided that "AOL may not modify, revise, or change" the information which ComStock provided.

Imposing liability on Defendant for the allegedly inaccurate stock information provided by ComStock would "treat" Defendant as the "publisher or speaker," a result § 230 specifically proscribes. In this regard, we agree with the Fourth Circuit's decision in Zeran, 129 F.3d at 327. There, the Fourth Circuit held § 230 barred a plaintiff's suit seeking to hold AOL liable for defamatory speech initiated by a third party. Id. at 330 ("By its plain language, § 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third party . . . ."). Accordingly, the district court in this case correctly concluded Defendant is immune from suit pursuant to § 230 and properly granted Defendant's motion for summary judgment.

## III.

Plaintiff next argues that the district court abused its discretion in overruling its objection to the magistrate judge's order denying Plaintiff additional discovery. Specifically, Plaintiff claims that the magistrate judge exceeded his authority under 28 U.S.C. § 636(b)(1)(A), which precludes magistrate judges from ruling on dispositive motions such as motions for summary judgment. Because the magistrate judge, in the course of its discovery ruling, noted that § 230 gives online service providers some protection from discovery burdens, Plaintiff argues the magistrate judge effectively ruled

10

on the summary judgment motion. We review a district court's denial of a motion for further discovery for abuse of discretion. United States v. Hernandez-Muniz, 170 F.3d 1007, 1010 (10th Cir. 1999).

Contrary to Plaintiff's argument, the magistrate judge did not rule on Defendant's summary judgment. The magistrate judge simply concluded that "[t]o allow further discovery beyond that already authorized by the Court would deny an interactive service provider the immunity authorized by the Communications Decency Act." (emphasis added). The district court, not the magistrate judge, subsequently ruled on Defendant's summary judgment motion. Accordingly, the magistrate judge did not exceed its authority in ruling on this routine discovery motion and the district court did not abuse its discretion by refusing to allow the further discovery.

Yet, Plaintiff argues that additional discovery was necessary to oppose Defendant's summary judgment motion. Fed. R. Civ. P. 56(f) requires that the party seeking to invoke its protection state with specificity how the additional material will rebut the summary judgment motion. Jensen v. Redevelopment Agency, 998 F.2d 1550, 1554 (10th Cir. 1993). A party may not invoke Fed. R. Civ. P. 56(f) by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. Id. Rather, the party must demonstrate precisely how additional discovery will lead to a genuine issue of material fact. Id.

The district court properly concluded Plaintiff failed to demonstrate the previous

depositions or written discovery were insufficient to allow Plaintiff to respond to Defendant's summary judgment motion. Plaintiff actually served Defendant with interrogatories exceeding the maximum of twenty-five authorized by the discovery order. Defendant nevertheless responded to all of the interrogatories with technical information. In addition, while the discovery order authorized four depositions, Plaintiff elected to take only three. Plaintiff has failed to demonstrate that this discovery was insufficient.[6]

IV.

Finally, Plaintiff argues the district court abused its discretion in denying its motions to stay proceedings to conduct further discovery and for leave to amend its complaint to join ComStock and Townsend as additional defendants. The district court denied the motions, concluding that Plaintiff "offered no compelling reason to permit this futile cause to keep AOL ensnared for even one more moment." The district court reasoned that Plaintiff had a full and fair opportunity to conduct discovery into the narrow issue of § 230 immunity and that further opportunity for discovery was unwarranted. We review the district court's denial of a motion to stay proceedings for abuse of discretion. Scott v. Roberts, 975 F.2d 1473, 1475 (10th Cir. 1992). We similarly review the district court's decision to deny leave to amend a complaint for abuse of discretion. Grossman v.

---

[6] Plaintiff also argues that because Defendant voluntarily produced some materials outside the scope of the original discovery order, Defendant waived the limitations and should have been required to produce all of that same class of documents. Plaintiff, however, cites no relevant authority for such a proposition.

Novell, Inc., 120 F.3d 1112, 1126 (10th Cir. 1997).

When applying for a stay, a party must demonstrate "a clear case of hardship or inequity" if "even a fair possibility" exists that the stay would damage another party. Spang-Eng Assocs. v. Weidner, 771 F.2d 464, 468 (10th Cir. 1985) (quoting Landis v. North American Co., 299 U.S. 248, 255 (1936)). Plaintiff offered no compelling reason requiring a stay to conduct further discovery. Plaintiff served extensive interrogatories on Defendant and utilized only three of the four depositions authorized by the discovery order. Because Plaintiff had ample opportunity to conduct discovery into the narrow issue of § 230 immunity, the district court did not abuse its discretion in denying Plaintiff's motion for a stay of proceedings.

Further, the district court did not abuse its discretion in denying Plaintiff's motion for leave to amend its complaint to add ComStock and Townsend as additional defendants. The district court concluded that Plaintiff's motion to amend its complaint was moot because the court granted Defendant's motion for summary judgment. Plaintiff still had the opportunity to, and in fact did, pursue an action against ComStock and Townsend in a separate proceeding. In March 1999, Plaintiff filed a separate federal diversity action against ComStock and Townsend, asserting claims for negligence and defamation based on the same alleged stock quotation errors at issue here. That case was dismissed with prejudice pursuant to the parties' stipulation.

AFFIRMED.