**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 29 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

BARRY JAMES SNYDER,

      Plaintiff-Appellant,

v.

CACHE COUNTY, a political
subdivision of the State of Utah;
SIDNEY P. GROLL, Cache County
Sheriff; DENNIS LARSON, Sergeant;
WAYNE BOYER, Sergeant; TROY
LIQUIN, Sergeant; TERRI
DUNCOMBE, Sergeant,

      Defendants-Appellees.

No. 00-4067
(District of Utah)
(D.C. No. 98-CV-151-K)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

I. INTRODUCTION

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Barry James Snyder brought this action in federal district court against Cache County, Utah, and four officers of the Cache County Sheriff's Department ("Defendants"), alleging, *inter alia*, violations of 42 U.S.C. § 1983 and state law. The district court granted Defendants' motion for summary judgment on qualified immunity grounds and dismissed Snyder's claims. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court.

## II. BACKGROUND

On January 1, 1997, at approximately 10:30 a.m., Deputies Liquin and Larson of the Cache County Sheriff's Department served Snyder with an ex parte protective order filed by his wife. The protective order prohibited Snyder from "directly or indirectly contacting, harassing, telephoning, or otherwise communicating with [his wife]." Snyder was ordered to stay away from his wife's "residence and its premises" and to not come within five hundred feet of his wife and children. Law enforcement agencies with jurisdiction over the residence were given the authority to compel Snyder's compliance with the order. The serving deputies advised Snyder of the provisions outlined in the protective order. Snyder was permitted to collect his personal belongings, and the deputies escorted him out of the residence.

Approximately two hours later, Snyder contacted the Sheriff's Department to inquire about retrieving additional clothing from his home. Deputy Liquin made contact with Snyder and informed him that he would not escort Snyder back to the residence. After answering another call, Deputy Liquin observed Snyder's vehicle parked in the driveway of Snyder's neighbor, which was adjacent to the residence. Deputy Liquin informed Snyder that he was not permitted to be within five hundred feet of the residence and instructed him to leave the area. Deputy Liquin called dispatch to inform them of the situation, and he was advised to stop and detain Snyder. Snyder ultimately was arrested for violating the protective order. Snyder was arraigned on January 3, 1997, at approximately 11:00 a.m., and was released from jail on his own recognizance.

Snyder subsequently filed suit against Defendants, alleging, *inter alia*, violations of 42 U.S.C. § 1983 and state law. Both parties filed motions for summary judgment. The district court granted Defendants' motion on qualified immunity grounds and dismissed Snyder's claims.

III. DISCUSSION

Prior to the district court's summary judgment ruling, Snyder simultaneously filed a motion for partial summary judgment and a motion for continuance and notice of hearing in which he sought (1) a consolidated hearing on the competing summary judgment motions and (2) a continuance of the hearing

until a consolidated hearing could be scheduled and/or until discovery was complete. In his motion, Snyder alleged the following: (1) only Defendants had detailed knowledge of the facts underlying Snyder's claims, (2) a former employee of the sheriff's department would testify in response to a subpoena that "there was an acknowledged conspiracy and 'policy' within the Department to embarrass, humiliate, inconvenience, and harass plaintiff," and (3) Defendants' counsel would not allow any depositions of his clients prior to the deposition of Snyder. Although the district court did not rule on Snyder's motion for continuance and notice of hearing, it held a consolidated hearing on both parties' motions for summary judgment. Snyder includes in his appeal a challenge to the district court's implicit denial of his motion for additional discovery. This court reviews the denial for an abuse of discretion. *See Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 986 (10th Cir. 2000).

A district court may defer ruling on a summary judgment motion pending further discovery "when the affidavits of the party opposing the motion indicate that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." *Lewis v. City of Fort Collins*, 903 F.2d 752, 758 (10th Cir. 1990) (quotation omitted); *see also* Fed. R. Civ. P. 56(f). When responding to a summary judgment motion based on qualified immunity, the opposing party must file an affidavit that demonstrates "how discovery will

enable them to rebut a defendant's showing of objective reasonableness or . . . demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion." *Lewis*, 903 F.2d at 758 (quotation omitted). Because Snyder neither filed a Rule 56(f) affidavit nor provided the district court with a description of how discovery would enable him to rebut Defendants' showing that the decision to arrest Snyder was objectively reasonable, this court concludes the district court did not abuse its discretion.

On the cross-motions for summary judgment, the district court determined that Defendants were entitled to qualified immunity. The court thus granted Defendants' motion for summary judgment and denied Snyder's motion for partial summary judgment. Snyder challenges these rulings. This court reviews a district court's granting of qualified immunity *de novo*. *See Nelson v. McMullen*, 207 F.3d 1202, 1205 (10th Cir. 2000).

Because Defendants raised a qualified immunity defense, Snyder bears the burden of showing that Defendants' actions violated a federal constitutional or statutory right and that the right was clearly established at the time of Snyder's arrest. *See id.* at 1206. In the context of a warrantless arrest, Defendants are "entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest the plaintiff." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (quotation omitted). Snyder claims he was falsely arrested for

allegedly violating the protective order, which prohibited Snyder from going within five hundred feet of his wife, even though she was not at the residence at the time of his arrest.

The district court found it was "reasonable that Deputy Liquin interpreted Mr. Snyder's presence at the neighbors to be in violation of the protective order. Mr. Snyder was clearly not staying away from the residence by being present next door. . . . [E]ven if the arresting officers misinterpreted the provisions of the Ex Parte Protective Order, the misinterpretation was reasonable and does not rise to the degree of outrageousness contemplated by the Supreme Court." Having reviewed the qualified immunity issue under the appropriate standard of review along with all of the relevant evidence, this court holds that there is no reversible error. Thus, this court affirms the district court for substantially the reasons stated in its order dated November 23, 1999.[1]

---

[1] Snyder also argues his constitutional rights were violated because (1) he did not receive a probable cause hearing and (2) the officer's probable cause statement was presented and sworn to a notary public rather than a judge or magistrate, both in contravention of the Supreme Court's holdings in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), and *Gerstein v. Pugh*, 420 U.S. 103 (1975). Neither *McLaughlin* nor *Gerstein* contemplate the circumstances of this case in which Snyder was arraigned and released from police custody within forty-eight hours of his arrest. *See McLaughlin*, 500 U.S. at 55-56; *Gerstein*, 420 U.S. at 114. Moreover, Snyder offers no evidence to support his claim that the probable cause determination in his case was delayed unreasonably. *See McLaughlin*, 500 U.S. at 56 (providing that probable cause determination made within forty-eight hours may violate the promptness requirement if arrested individual can prove that the determination was delayed unreasonably).

Snyder also claims the district court erred in denying his motion to certify to state court the issue of the meaning of the term "premises" as used in the ex parte protective order. In his Rule 59 motion before the district court, Snyder requested "an order vacating the judgment and referring the matter to the Utah Court [of] Appeals for a determination of whether the arresting offcers [sic] had probable cause for the arrest." An unsettled question of Utah law, however, must be certified to the Utah Supreme Court. *See* Utah R. App. P. 41(a). Nonetheless, the district court denied Snyder's motion, ruling that the case did not involve an unsettled question of state law. Because the district court did not rule on the issue of the meaning of "premises" and because it was unnecessary for it to do so, this court need not consider certification.

IV. CONCLUSION

For the foregoing reasons, the district court is **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge