**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ESTATE OF RICHARD RICCI;
ANGELA RICCI,

      Plaintiffs-Appellants,

v.

SALT LAKE CITY CORPORATION,
a municipal corporation; RICK
DINSE; DON BELL; JERRY L.
MENDEZ; MARK SCHARMAN,

      Defendants-Appellees,

   and

STATE OF UTAH; CLINT FREIL;
DR. RICHARD M. GARDEN; LEWIS
P. BAILEY, R.N.,

      Defendants.

No. 05-4185
(D.C. No. 2:03-CV-749-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **BRORBY**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On behalf of the estate of her deceased husband Richard Ricci and herself, plaintiff Angela Ricci sued Salt Lake City, individual Salt Lake City police officers, and state defendants under 42 U.S.C. § 1983. She appeals the district court's denial of her motion for a continuance under Rule 56(f) of the Federal Rules of Civil Procedure and its grant of summary judgment in favor of the Salt Lake City defendants. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

On June 5, 2002, a young girl was abducted from her Salt Lake City home. Shortly afterwards, Salt Lake City Police Department officers publicly identified Mr. Ricci, a parolee who had worked as a handyman in the missing girl's home, as a potential suspect. The city defendants interviewed him and obtained arrest warrants for crimes he had admitted, including the theft of several items from the girl's residence at an earlier time.

Mr. Ricci was arrested by state officers on June 14, 2002 for an unrelated parole violation and returned to the Utah State Prison. He was held in maximum security because, as the deputy warden stated in deposition testimony, "[g]iven the notoriety of his circumstances, it would not [have been] wise to place him in population, which would endanger his life." Aplt. App. at 130. While in custody, Mr. Ricci suffered a massive cerebral hemorrhage and died on August 30, 2002.

Months later, the missing girl was found and her accused kidnappers were arrested.

On August 29, 2003, Ms. Ricci filed this lawsuit, alleging violations of her husband's civil rights through defamation, false arrest, unlawful detention, baseless prosecution, false imprisonment, cruel and unusual punishment, and wrongful death. The state defendants reached a settlement with Ms. Ricci. The city defendants, however, sought summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The city defendants relied primarily on Ms. Ricci's discovery answers, dated November 8, 2004, which conceded that she had no factual support for asserting that they were involved in Mr. Ricci's arrest, detention, or death. As additional legal grounds for summary judgment, they argued that defamation does not generally rise to the level of a § 1983 action and that the baseless prosecution claim failed because the city's theft charges against Mr. Ricci did not end in his favor. On the city defendants' motion, the magistrate judge assigned to the case stayed discovery until after the district court ruled on the summary judgment motion.

Ms. Ricci did not respond to the substance of the summary judgment motion. Instead, she requested a continuance under Rule 56(f). The accompanying affidavit asserted that, with additional discovery, she could gather evidence supporting her speculation that the city defendants conspired with the state defendants to coerce Mr. Ricci's confession by setting restrictive conditions

of confinement.  The district court denied Ms. Ricci's Rule 56(f) motion and

granted defendants' summary judgment motion.[1]

## DISCUSSION

In her appellate brief, Ms. Ricci argues that the district court abused its

discretion in denying her Rule 56(f) motion and that summary judgment was

inappropriate because the case turns on questions of motive.[2]  This court reviews

the district court's Rule 56(f) ruling for abuse of discretion and its summary

judgment ruling de novo.  *Trask v. Franco*, No. 04-2078, 2006 WL 1075595, *3

(10th Cir. Apr. 25, 2006) (stating Rule 56(f) standard); *Smith v. Cummings*,

Nos. 05-3180, 05-3262, 2006 WL 1067305, *2 (10th Cir. Apr. 24, 2006)

(stating summary judgment standard).

**Rule 56(f)**

There is no requirement in Rule 56 that discovery be complete before

summary judgment can be entered.  *Pub. Serv. Co. of Colo. v. Cont'l Cas. Co.*,

---

[1]     The city defendants also filed a motion under Fed. R. Civ. P. 11 for sanctions against Ms. Ricci's attorney.  The court's denial of the motion is not an issue in this appeal.

[2]     We note that the issues discussed in the argument section of Ms. Ricci's brief are somewhat inconsistent with her statement of issues.  In the statement of issues section, she phrases the issues as: "(1) Whether the trial court was unduly prejudiced to conclude that Ricci lacked evidence so soon into the discovery phase during litigation?" and "(2) Whether the trial court erred in denying [her] 56(f) request so as to allow a proper response to Defendant's [sic] motion for summary judgment based [sic]?"  Aplt. Br. at 1.

26 F.3d 1508, 1518 (10th Cir. 1994). Rule 56(f), however, grants discretion to the district court to delay ruling on a summary judgment motion while the opposing party conducts additional discovery.[3] The party seeking more time must provide an affidavit identifying the facts that are not available and what steps she has taken to obtain those facts. *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). And the affidavit must do more than simply allege that further discovery is necessary; it "must demonstrate precisely how additional discovery will lead to a genuine issue of material fact." *Ben Ezra, Weinstein & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000). "Moreover, merely asserting that the evidence supporting a party's allegation is in the hands of the opposing party is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)." *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1554 (10th Cir. 1993) (quotations and alterations omitted).

Ms. Ricci's Rule 56(f) filings were concentrated on criticizing the city defendants' discredited suspicions that Mr. Ricci was responsible for the child's

---

[3]     Rule 56(f) provides:

Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

abduction. She also asserted that an additional fourteen depositions would uncover admissible evidence of genuine issues of material fact.

As the district court recognized, Ms. Ricci presented "only a barrage of inferences" linking her intended discovery to the city defendants' potential liability. Aplt. App. at 337, 347. She failed to explain how the contemplated depositions would enable her to oppose the operative facts: Mr. Ricci was arrested by state agents for a parole violation, he was incarcerated in a state facility, and he died in that facility. Under these circumstances, the district court did not abuse its discretion in denying Ms. Ricci's Rule 56(f) request.

**Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We examine "the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005).

Ms. Ricci claims that entry of summary judgment was inappropriate because the city defendants' motivation is an issue to be determined by a factfinder. She proceeds from a correct premise. We have observed that if plaintiff claims a constitutional violation, "summary judgment may be precluded

because questions concerning defendant's motives or knowledge must be determined." *Seamons v. Snow*, 206 F.3d 1021, 1028 (10th Cir. 2000) (quotation omitted). This is true if "a necessary element of the claim for relief presents an inquiry into the state of mind of one or more of the parties." *Id.* at n.2 (quotation omitted).

Here, however, the city defendants' motivation is irrelevant to our summary judgment analysis. On the record before us, there is no genuine dispute about the city defendants' lack of involvement in the conditions of Mr. Ricci's confinement and his unfortunate death. In the context of this case, their reasons for singling out Mr. Ricci as a suspect have no legal significance. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating that proof of personal participation is essential to recovery on a § 1983 claim).

Further, Ms. Ricci has no § 1983 cause of action for defamation. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (stating that there is no "constitutional protection for the interest in reputation"). And there is no evidentiary support for a claim based on malicious prosecution because the city defendants charged Mr. Ricci with only his admitted thefts. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1244 (10th Cir. 2003) (using state law as a starting point for a constitutional claim of malicious prosecution and explaining that Utah requires a showing of criminal proceedings initiated for an improper purpose and without probable cause against an innocent plaintiff, along with proof that the proceedings

were terminated in favor of the accused).  The district court properly granted the

city defendants' summary judgment motion.[4]

      The judgment of the district court is AFFIRMED.

                    Entered for the Court


                    Wade Brorby
                    Circuit Judge

---

[4]    Ms. Ricci also devotes a section of her brief to an assertion that entry of summary judgment was premature.  Aplt. Br. at 28-30.  This section simply re-works her Rule 56(f) argument and we decline to address it separately.