BLD-183                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3584
_____

DENNIS OBADO,
                                                    Appellant
v.

ED MAGEDSON; XCENTRIC VENTURES, LLC;
WW.BADBUSINESSBUREAU.COM; DIOP KAMAU, a/k/a Don Jackson;
THE POLICE COMPLAINT CENTER; WWW.POLICEABUSE.COM;
GOOGLE, INC.; BLOSSOM SOFTWARE; YAHOO, INC.;
NEUSTAR, INC; THE GODADDY GROUP, INC.; INTELIUS, INC.;
WWW.BLOSSOM.COM; BING, INC.; SWITCHBOARD.COM;
JOHN DOE(S); JANE DOE(S); SOFTLAYER TECHNOLOGIES, INC;
ENOM, INC.; DZMTRY SHELEST; DNC HOLDINGS, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-13-cv-02382)
District Judge: Honorable Joel A. Pisano
_____

Submitted on Motions for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2015

Before:  AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Filed: May 11, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dennis Obado appeals from an order of the District Court dismissing his second amended complaint with prejudice. For the reasons that follow, we will summarily affirm.

Obado sued numerous defendants in the United States District Court for the District of New Jersey but successfully served only these eight: Intelius, Inc.; Xcentric Ventures, LLC; Switchboard LLC; eNom.com; Softlayer Technologies, Inc.; Neustar, Inc.; Yahoo!, Inc.; and Google, Inc.[1] Obado alleged that the defendants defamed him by republishing on the internet defamatory comments authored by a blogger known as "Mama Duka" and an individual named Diop Kamau. The second amended complaint included counts for defamation, intentional and negligent infliction of emotional distress, and invasion of privacy, among many others. Obado sought money damages and injunctive relief.

Each defendant filed a motion to dismiss Obado's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, in the main, that because Obado did not allege that any of them actually authored any of the posts at issue, they were immune from suit under the Communications Decency Act ("CDA"), 47 U.S.C. § 230, and our decision in Green v. America Online (AOL), 318 F.3d 465, 470-71 (3d Cir. 2003). In an order entered on July 31, 2014, the District Court granted the defendants' motions and dismissed the second amended complaint with prejudice, determining that § 230 and Green barred Obado's action because the defendants are all providers of an

_____

[1] "It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation … to which he has not been made a party by service of process." Hansberry v. Lee, 311 U.S. 32, 40 (1940). The defendants who were not served are not parties to the action, and, contrary to Obado's assertion in his summary action response, he is not entitled to entry of a default judgment against them.

2

"interactive computer service," as defined in 47 U.S.C. § 230(f), and Obado had treated the defendants as publishers and not the creators of the defamatory content.

Obado appeals. We have jurisdiction under 28 U.S.C. § 1291. Appellee Softlayer Technologies moved for summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6, a motion that was joined by all of the other appellees. Obado has submitted numerous responses in opposition to summary affirmance, a motion for summary reversal, numerous amendments to both, and a motion for appointment of counsel.

We will grant the motions for summary affirmance and summarily affirm the order of the District Court because no substantial question is presented by this appeal. Third Circuit LAR 27.4 and I.O.P. 10.6. We exercise plenary review over a Rule 12(b)(6) dismissal. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). When considering a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, a court must accept as true all material allegations, read the complaint in the light most favorable to the plaintiff, and decide whether, under any reasonable understanding of the complaint, the plaintiff may be entitled to relief. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). To survive such a motion, a complaint must include sufficient allegations, taken as true, to state a facially plausible claim for relief. Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Here, the District Court applied the correct Rule 12(b)(6) standard of review. Obado's argument that Federal Rule of Civil Procedure 52 applies to his case is meritless for the reasons given by Softlayer Technologies in its opposition to his motion for summary reversal.

3

The CDA reflects Congress's decision not to treat providers of interactive computer services like other information providers, such as newspapers, magazines or television and radio stations, all of which may be held liable for publishing or distributing defamatory material written by others. Green, 318 F.3d at 471.[2] See also Zeran v. America Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997); Ben Ezra, Weinstein & Co., Inc. v. America Online, Inc., 206 F.3d 980, 986 (10th Cir. 2000). The CDA provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," 47 U.S.C. § 230(c)(1), and that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section," id. at § 230(e)(3). Together, these sections "provide[] immunity to [an interactive computer service provider] as a publisher or speaker of information originating from another information content provider." Green, 318 F.3d at 471.

The District Court correctly determined that all of the defendants were alleged by Obado to be internet host providers who provided an interactive computer service, as defined by the CDA; that the allegedly actionable content originated from other information content providers, namely Mama Duka and Diop Kamau; and that the defendants were treated in the second amended complaint as publishers of the allegedly actionable content. When these conditions are met, the CDA's immunity applies. Obado's suit is, therefore, barred. His arguments before the District Court make clear that he was attempting to hold the defendants liable as publishers of information

---

[2] In Green, we affirmed the dismissal of a complaint against America Online based on § 230 immunity from tort liability stemming from messages posted in chat rooms by unnamed defendants impersonating the plaintiff. Id. at 469-70.

originating from other information content providers. The CDA prevents him from doing so.

The Court further correctly determined that Obado's allegation that the defendants manipulated search engines to maximize search results relating to the alleged defamatory content does not affect their immunity from suit. Green, 318 F.3d at 471 (holding that § 230 "bars lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions -- such as deciding whether to publish, withdraw, postpone, or alter content"). In addition, § 230 proscribes liability in situations where an interactive service provider makes decisions "relating to the monitoring, screening, and deletion of content from its network -- actions quintessentially related to a publisher's role." Id. at 470-71. Thus, the defendants also cannot be held liable for failing to withdraw any of the alleged defamatory statements or for failing to make Obado's "rebuttal statements" more widely available. Obado's arguments to the contrary are unavailing for the reasons given by the District Court in its thorough opinion.

The Court further correctly determined that Obado's promissory estoppel argument fails because he did not allege the existence of a legally enforceable promise. The elements of promissory estoppel are: "(1) a clear and definite promise; (2) made with the expectation that the promisee will rely on it; (3) reasonable reliance; and (4) definite and substantial detriment." Toll Bros., Inc. v. Board of Chosen Freeholders of County of Burlington, 944 A.2d 1, 19 (N.J. 2008). An email from an interactive computer service provider indicating that a complaint by a defamed user will be investigated is not a clear and definite promise to actually remove the content. The District Court also correctly determined that Obado's First Amendment argument was meritless. Obado specifically

argued that the defendants engaged in hate speech directed at his African ethnicity, falsely accused him of being a criminal, and used "fighting" words. He also argued that hate speech is not protected by the First Amendment. The Court acknowledged Obado's First Amendment argument and correctly reasoned that, because the CDA is meant to shield interactive computer service providers from liability for unprotected otherwise actionable speech originating from other information content providers, it applies regardless of whether the third-party speech itself is unlawful. The immunity provided by the CDA would be rendered meaningless if it applied only to protected speech. See Zeran, 129 F.3d at 331.

Obado claims in his summary action responses that the District Court was biased against him because the Court also presided over another of his pro se civil actions involving his student loans. We see no evidence of bias here. The Court's knowledge of his prior civil action appears to have had no bearing on the decision to dismiss the second amended complaint, and the Court's general familiarity with Obado did not warrant recusal. Cf. Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (party's displeasure with legal rulings does not form an adequate basis for recusal).

For the foregoing reasons, we will grant the motions for summary affirmance and summarily affirm the order of the District Court dismissing Obado's second amended complaint as to all party-defendants. Obado's motion for summary reversal, as amended, and motion for appointment of counsel are both denied as moot.