**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 17, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

NATHAN MYERS,

    Plaintiff - Appellant,

v.

BENJAMIN TUFUGA; TRAVIS
WILLINGER; JUSTIN GRAY; SEAN
SPARKS; JON PIKE; ADAM LENHARD;
MICHELE RANDALL; JIMMIE
HUGHES; DANIELLE LARKIN; GREG
McARTHUR; BRYAN SMETHURST;
RICHARD FARNSWORTH; KYLE
WHITEHEAD; DOUG IVERSON;
JOSEPH WATSON; COLBY DECAMP;
VINCENT LUSK; CODY ADAMS;
BRIAN GROVES; SCOTT STALEY;
DUSTIN KILLPACK; JUSTIN
LAAKSONEN; ZACK BAHLMANN;
AUSTIN DESPAIN; K-9 KARLY; CITY
OF ST. GEORGE; ST. GEORGE POLICE
DEPARTMENT,

    Defendants - Appellees.

No. 22-4027
(D.C. No. 4:20-CV-00113-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT***

_____

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.
_____

Plaintiff Nathan Myers, a licensed attorney appearing pro se, sued the City of

St. George, Utah, the St. George Police Department, and various city officials and

police officers for alleged state and federal law violations arising out of a traffic stop

and subsequent search of his vehicle.  The district court dismissed many of the claims

on a motion to dismiss, and later granted summary judgment against Mr. Myers on

the remaining claims.  He now appeals.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

## I.  Background

### A.  Facts

On September 28, 2019, Officer Benjamin Tufuga pulled Mr. Myers over on

Interstate 15 in Washington County, Utah, after observing Mr. Myers commit two

lane-change violations.  At the time, Officer Tufuga was participating in a drug task

force that used K-9 units to respond to traffic stops in Washington County.  Officer

Tufuga notified Mr. Myers of the traffic violations and asked him for his driver's

license, insurance, and registration.

Officer Tufuga then returned to his car to check for warrants and write a

citation for the traffic violations.  In the meantime, Officers Justin Gray and Travis

Willinger arrived with a drug-sniffing dog.  They were later joined by Officer Sean

Sparks, the supervisor for the drug task force.  The dog alerted to the odor of

narcotics near the driver's side door and jumped into the car through the open driver

window. The officers asked Mr. Myers if his vehicle contained any illegal drugs, which Mr. Myers denied. They then searched the vehicle. The officers found no illegal drugs, so Officer Tufuga gave Mr. Myers a warning citation and allowed him to go on his way. The stop lasted approximately 24 minutes.

### B. Procedural Background

Mr. Myers filed a lawsuit asserting various state and federal claims against every member of the St. George Police Department, the City of St. George, several city employees including every member of the city council, and even the dog. His complaint included among the defendants Officer Tufuga and three other "John Doe" officers who were present at the traffic stop. The district court entered a scheduling order setting forth deadlines in the case, including the deadline for amendment of pleadings.

All defendants except Officer Tufuga ("the City Defendants") moved to dismiss the complaint on the grounds that none of the City Defendants were present at the traffic stop, and Mr. Myers failed to allege any program or policy for which they could be liable. Mr. Myers elected not to respond. Instead, he filed six motions for extensions of time in which to move for leave to amend the complaint. The district court granted the first two of those motions but later entered a separate order denying Mr. Myers's four remaining motions to extend the deadline for amending pleadings.

More than two months after the City Defendants filed the motion to dismiss, Mr. Myers moved to strike their motion or, in the alternative, for leave to file a late

3

response.  He claimed he had not filed a timely response because he believed the City Defendants had waived their motion to dismiss.  The district court denied his motion, stating "the record is unmistakably clear that [the City] Defendants' motion to dismiss was not withdrawn, and is pending disposition based on [Mr. Myers'] failure to timely respond and its substantive merits."  Suppl. App. at 124 (footnote omitted).

The district court later granted the motion to dismiss in part.  It dismissed all claims against those defendants who were not alleged to have been present at the traffic stop but denied the motion with respect to the "John Doe" police officers who were actually involved.  The district court permitted Mr. Myers the opportunity to add Officers Justin Gray, Travis Willinger, and Sean Sparks as the "John Doe" defendants.

Mr. Myers then filed an Amended Complaint naming Officers Tufuga, Gray, Willinger, and Sparks ("the Officer Defendants") and asserting § 1983 claims based on alleged equal protection, due process, and Fourth Amendment violations.  The Officer Defendants then filed a motion for summary judgment.  Again, Mr. Myers chose not to file a response.  Instead, he filed (1) a motion in limine to exclude evidence the Officer Defendants had submitted in support of their summary judgment motion, and (2) a motion requesting the district court to address his motion in limine before addressing the summary judgment motion or, in the event his motion in limine was denied, to issue a briefing schedule on the summary judgment motion.

The district court granted the motion for summary judgment.  It issued a separate order denying Mr. Myers's motion in limine and his motion to have the

motion in limine decided before addressing the summary judgment motion. This appeal followed.

## II. Discussion

Mr. Myers argues that the district court erred in granting the motion to dismiss in favor of the City Defendants and the summary judgment motion in favor of the Officer Defendants. His argument is premised on the assertion that the district court's rulings conflict with two Idaho Supreme Court decisions, *State v. Randall*, 496 P.3d 844 (Idaho 2021), and *State v. Howard*, 496 P.3d 865 (Idaho 2021),[1] which hold that a drug dog's instinctive entry into a car during an exterior sniff implicates the Fourth Amendment. Defendants contend that Mr. Myers has not preserved this issue for appeal, and we agree.

A federal appellate court generally does not consider an issue not passed upon by the district court. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). "Consequently, when a litigant fails to raise an issue below in a timely fashion and the court below does not address the merits of the issue, the litigant has not preserved the issue for appellate review." *FDIC v. Noel*, 177 F.3d 911, 915 (10th Cir. 1999). Mr. Myers did not make the argument to the district court that he now makes before this court. Indeed, he chose to make no argument at all in response to the City Defendants' motion to dismiss and the Officer Defendants' motion for summary judgment.

---

[1] Mr. Myers asserts that the United States Supreme Court has accepted certiorari in *State v. Howard*. He is mistaken. The Court denied certiorari in October 2022. *See Idaho v. Howard*, 143 S. Ct. 271 (2022).

Accordingly, we will not consider Mr. Myers's legal arguments assigning error to the district court's dispositive rulings.[2]

Mr. Myers also argues that the district court erred in (1) denying Mr. Myers leave to amend his complaint and (2) denying his request to stay the Officer Defendants' motion for summary judgment pending a ruling on his motion in limine. We review both rulings for an abuse of discretion. *See Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).

In two orders spanning 39 pages, the district court denied Mr. Myers's multiple motions for extensions of time to amend the pleadings and his motion to amend the complaint. In the first order, the district court examined each of Mr. Myers's motions for an extension and evaluated them against the applicable "good cause" and "excusable neglect" standards. *See* Fed. R. Civ. P. 16(b)(4) (providing a scheduling order "may be modified only for good cause"); 6(b)(1)(B) (providing "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect"). The district court concluded Mr. Myers had been afforded "more than a sufficient opportunity" to seek leave to amend his complaint by a deadline that had already been twice extended at his

---

[2] Although the *Randall* and *Howard* decisions were issued in October 2021—after the district court ruled on the City Defendants' motion to dismiss—Mr. Myers still could have made the argument that the dog's instinctive entry into his car implicated the Fourth Amendment. Indeed, the Idaho decisions were premised on decisions of the United States Supreme Court that were issued in 2012 and 2013, respectively. *See Randall*, 496 P.3d at 851-53 (discussing *United States v. Jones*, 565 U.S. 400 (2012), and *Florida v. Jardines*, 569 U.S. 1 (2013)).

request, and that he failed to demonstrate good cause or excusable neglect warranting further extensions. Aplt. App. vol. 1 at 134. The record supports this conclusion, and we discern no abuse of discretion.

In the second order, the district court held that Mr. Myers's motion for leave to further amend his complaint was untimely, failed to comply with local rules, lacked a good-faith reasonable justification, and would cause undue prejudice. It also held the amended complaint would have been futile. *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (futility of a proposed amendment is adequate justification for denying leave to amend). The district court had already dismissed Mr. Myers's state claims for failure to comply with Utah's Governmental Immunity Act and several of his federal claims because the City Defendants were not alleged to have been involved in the traffic stop. Because the proposed amended complaint lacked any new allegations that would have altered this analysis, the district court held the proposed amended complaint would have been futile. Despite all of this, the district court allowed Mr. Myers to file an amended complaint substituting Travis Willinger, Justin Fray, and Sean Sparks for the "John Doe" defendants. The district court's analysis was not an abuse of discretion.

Mr. Myers also claims that by ruling on the Officer Defendants' motion for summary judgment and Mr. Myers's motion in limine simultaneously, it caused him to "abandon or waive his position." Opening Br. at 19. That assertion is without merit. Under the local rules, Mr. Myers should have objected to the admissibility of evidence in response to the motion for summary judgment. *See* DUCivR 56-1(c)(3)

("If a fact is inadmissible, the responding party must object . . . rather than moving to strike the inadmissible fact."). Mr. Myers chose not to respond to the motion for summary judgment, and instead sought to exclude evidence in exactly the way the local rules directed him not to. The district court committed no abuse of discretion in declining to rule on the motion in limine before addressing the Officer Defendants' motion for summary judgment.

## III.  Conclusion

We affirm for the foregoing reasons. We grant Mr. Myers's motion for leave to proceed in forma pauperis.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge