FILED
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 20, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ELIEZER MANUEL TIRADO VELEZ,
as surviving heir of Eliezer Tirado-Ortiz,

    Plaintiff - Appellant,

v.

CITY OF COLORADO SPRINGS,
COLORADO; SHERIFF BILL ELDER,
individually, and in his official capacity as
an officer of the Colorado Springs Police
Department; POLICE LT. HOWARD
BLACK, individually, and in his official
capacity as an officer of Colorado Springs
Police Department; COLORADO
SPRINGS POLICE DEPARTMENT;
JOHN DOES 1-6.

    Defendants - Appellees.

No. 21-1137
(D.C. No. 1:19-CV-02449-KMT)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Eliezer Manuel Tirado Velez filed a civil-rights action under 42 U.S.C. § 1983 against the above-named defendants after his father, Eliezer Tirado-Ortiz, died while detained in the county jail.  The district court dismissed the complaint, concluding that Mr. Tirado lacked standing[1] because he was not the personal representative of his father's estate.[2]  He appeals that order.  He does not dispute the decision on standing but argues that instead of dismissing his complaint the court should have remanded the case to state court and/or allowed him to amend his complaint.  He also challenges the district court's order denying his motion to stay the proceedings to allow him to subpoena the investigation file of the relevant state prosecutor.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

Mr. Tirado was the only named plaintiff, alleging that he is the son and surviving heir of Mr. Tirado-Ortiz.  The claims alleged the defendants violated Mr. Tirado-Ortiz's constitutional rights by engaging in conduct that led to his death.

All  named defendants moved to dismiss the complaint on various grounds. As pertinent here, they sought dismissal for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the ground that Mr. Tirado lacked standing to bring claims under § 1983 for alleged violations of Mr. Tirado-Ortiz's constitutional rights.

---

[1] It may have been more accurate to say that the claim was dismissed because Mr. Tirado was not the real party in interest.

[2] The district court's decision was issued by a magistrate judge sitting by consent of the parties.  *See* 28 U.S.C. § 636(c)(1), (3).

They also sought dismissal under Fed. R. Civ. P. 12(b)(6) on the ground that Mr. Tirado failed to allege sufficient facts to plead a plausible claim.

In response, Mr. Tirado did not challenge the defendants' standing argument. Instead, he asked the district court to remand the case to state court and, if remanded, allow him to amend the complaint to add a wrongful-death claim. He also asked that if the case was not remanded he be permitted to amend the complaint to add a claim for deprivation of the right to familial association.[3] As for the defendants' motion to dismiss based on pleading deficiencies, Mr. Tirado maintained that he had not been able to "properly investigate his claim because no one seems to have the investigation file," R. at 70, and he asked the court to stay the case and order the prosecutor to produce the file so he could "cure any deficiencies in his pleadings," R. at 71.

The district court dismissed the complaint, concluding that under Colorado law Mr. Tirado lacked standing to bring § 1983 claims based on alleged violations of Mr. Tirado-Ortiz's constitutional rights because Mr. Tirado was not the personal representative of his father's estate. The court denied Mr. Tirado's request to remand the case to state court, concluding it lacked authority to remand to state court an action initially filed in federal court. And based on its conclusion that it lacked

---

[3] Perhaps in response to Sheriff Bill Elder's motion to dismiss on the ground that the complaint failed to plead any direct personal responsibility on his part, Mr. Tirado also sought leave to amend the complaint to add a vicarious-liability claim against Sheriff Elder. He does not appeal the district court's denial of that request.

subject-matter jurisdiction, the court denied Mr. Tirado's requests to amend the complaint and for a stay.

Mr. Tirado moved under Fed. R. Civ. P. 59(e) for reconsideration of the denial of his requests for remand, leave to amend, and a stay. The district court denied the motion. It observed that his argument for remand was "simply a rehash of arguments that [he] previously asserted and which the court addressed" in the dismissal order. R. at 184. It declined to reconsider its denial of Mr. Tirado's request to amend the complaint because he made the request in his response to the motion to dismiss and did not file a separate motion as required by the local rules, and because he did not adequately support his request. And the court said that it had no basis for staying the case because obtaining the investigation file could not have cured Mr. Tirado's standing problem. (The motion for reconsideration stated that Mr. Tirado had eventually obtained the file.)

## II.    Analysis

On appeal, as in his motion to reconsider, Mr. Tirado challenges the district court's denial of his requests for remand, to amend the complaint, and for a stay in lieu of dismissal, but he does not challenge the court's determination that he lacked standing to pursue the claims alleged in the complaint.

### A. Denial of Request to Remand to State Court

We affirm the district court's decision not to remand the case to state court, because it has no power to remand a case initiated in federal court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) (explaining that unlike in a

4

removed case with pendent state-law claims, when a plaintiff "filed his suit in federal court, remand [to state court] was not an option"); *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1017 (8th Cir. 2015) ("[A] district court has no power to remand a non-removed case to state court."). Mr. Tirado cites no case permitting remand in such circumstances.

And because the court correctly determined that it did not have authority to remand the case to state court, it did not err by denying Mr. Tirado's request for leave to amend the complaint to add a wrongful-death claim so he could pursue that claim in state court following remand.

### B. Denial of Request for Leave to Amend Absent Remand

We review for abuse of discretion the district court's refusal to permit Mr. Tirado to amend his complaint to add a claim for deprivation of familial relationship. *See Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020). Under that standard we will not disturb the district court's ruling "unless we have a definite and firm conviction that the court made a clear error of judgment." *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013)

There was no abuse of discretion. As the district court pointed out, Mr. Tirado had not complied with the local rule requiring that a motion to amend must be filed as a separate document (not as part of a response to a motion), *see Castanon*, 976 F.3d at 1145 (upholding denial of motion to amend based in part on the plaintiff's failure to comply with another local rule). The court stated that in that circumstance it need not grant leave to amend if the party seeking an amendment

"fails to give grounds for [the] proposed amendment." R. at 185.  And we agree that Mr. Tirado failed to show that he could have a legitimate familial-association claim. His request for leave to amend did not acknowledge the elements of a deprivation-of-familial-association claim or argue that he plausibly pleaded such a claim, and his proposed amended complaint did not plead facts aimed at meeting those elements. *See Doe v. Woodard*, 912 F.3d 1278, 1301 (10th Cir. 2019) (to plead a plausible § 1983 claim for deprivation of familial association, a plaintiff must allege facts showing "intent to interfere with this right—that is, the state actor must have directed conduct at the familial relationship with knowledge that the statements or conduct will adversely affect that relationship" (emphasis and internal quotation marks omitted)); *Trujillo v. Bd. of Cnty. Comm'rs*, 768 F.2d 1186, 1190 (10th Cir. 1985) (intent element of a deprivation-of-familial-association claim cannot be established by showing only the defendant's wrongful intent toward the victim); *see also Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (upholding denial of motion to amend that did not adequately explain basis of proposed amendment).

### C. Denial of Request for Stay

We review for abuse of discretion a district court's denial of a motion to stay proceedings.  *See Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).  We see no abuse here.  Mr. Tirado has provided no explanation of how the investigation file could possibly have enabled him to proceed with his claim when he was not the personal representative of his father's estate.

6

### III.    Conclusion

We affirm the district court's order dismissing Mr. Tirado's complaint.


Entered for the Court


Harris L Hartz
Circuit Judge