FILED
United States Court of Appeals
Tenth Circuit

January 14, 2026

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CYRUS RAJABI,

     Plaintiff - Appellant,

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.; TRISTAR GROUP,
d/b/a Tristar Managed Care, d/b/a Tristar
Risk Management,

     Defendants - Appellees.

No. 24-1326
(D.C. No. 1:21-CV-00422-GPG-JPO)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **EBEL**, and **EID**, Circuit Judges.
_____

Cyrus Rajabi sued Sedgwick Claims Management Services, Inc. and Tristar

Group (collectively, the "Claims Administrators") for breach of the duty of good

faith and fair dealing under Colorado law.  The district court entered summary

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

judgment against Mr. Rajabi, concluding he lacked sufficient evidence to prove his claim.

On appeal, Mr. Rajabi argues the court (1) erred in granting summary judgment and (2) abused its discretion in denying him a stay of the litigation and an extension of discovery deadlines.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

### A.  *Factual History*[1]

On April 23, 2017, Mr. Rajabi—a volunteer firefighter—was injured during a training exercise with the Arvada Fire Protection District.  "He dislocated three fingers, tore ligaments and a tendon, and sustained an avulsion fracture and nerve damage."  *Rajabi v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 21-cv-422, 2024 WL 3835697, at *1 (D. Colo. July 12, 2024).  Mr. Rajabi reported the incident to his employer, Arvada Fire, which "filed a claim with its Workers' Compensation Carrier."  App., Vol. I at 71.  "Tristar—a third-party claims administrator—handled [Mr. Rajabi's] claim from the date initially submitted to July 2020," when Sedgwick took over claims-handling duties.  *Rajabi*, 2024 WL 3835697, at *1.

---

[1] "Because this case arises from an appeal of summary judgment, we present the following factual background in the light most favorable to [Mr. Rajabi] as the non-moving party, unless contradicted by the record." *Litzsinger v. Adams Cnty. Coroner's Off.*, 25 F.4th 1280, 1284 (10th Cir. 2022).

Following the incident, Mr. Rajabi was diagnosed with Complex Regional Pain Syndrome ("CPRS")—chronic pain that develops after an injury or other traumatic event. *Id.* From 2017 to 2022, he received extensive medical treatment. His treating physicians sought authorization from the Claims Administrators for coverage of Mr. Rajabi's medical treatments. Relying on reports from their consulting physicians, the Claims Administrators denied authorization when the reports concluded that treatment was not medically reasonable and necessary or causally related to the April 23, 2017 injury.

## B. *Legal Background*

Colorado law requires an insurer "to treat an insured with good faith." *Sandoval v. Unum Life Ins. Co. of Am.*, 952 F.3d 1233, 1236 (10th Cir. 2020); *see Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 342 (Colo. 2004) (en banc). An insured may sue for breach of this duty. *See Peden v. State Farm Mutual Auto. Ins. Co.*, 841 F.3d 887, 890 (10th Cir. 2016). To prevail, "the insured must prove that the insurer (1) acted 'unreasonably under the circumstances' and (2) 'knowingly or recklessly disregarded the validity of the insured's claim.'" *Id.* (quoting *Goodson v. Am. Standard Ins. Co. of Wis.*, 89 P.3d 409, 415 (Colo. 2004) (en banc)). "The reasonableness of the insurer's conduct must be determined objectively, based on proof of industry standards," which "often require[s]" the "aid of expert witnesses." *Goodson*, 89 P.3d at 415.

In making a reasonableness determination, courts may consider a fairly-debatable standard. It provides that "[i]f a reasonable person would find that

3

the insurer's justification for denying or delaying payment of a claim was 'fairly debatable' (i.e., if reasonable minds could disagree as to the coverage-determining facts or law), then this weighs against a finding that the insurer acted unreasonably." *Sanderson v. Am. Fam. Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010). But even though "fair debatability" may help the insurer, it is not "outcome determinative." *Id.* at 1218. The insurer still "must exercise reasonable care and good faith" in handling the claim. *Id.* (quotations omitted). "[A]n insurer will be found to have acted in bad faith only if it has intentionally denied, failed to process, or failed to pay a claim without a reasonable basis." *Zolman v. Pinnacol Assur.*, 261 P.3d 490, 497 (Colo. App. 2011).[2]

## C. *Procedural History*

On October 23, 2020, Mr. Rajabi filed his complaint in state court. The Claims Administrators removed the case to federal court based on diversity jurisdiction. *Rajabi*, 2024 WL 3835697, at *1.

### 1. **The Complaint**

Mr. Rajabi's complaint alleged that the Claims Administrators "wrongfully delayed and/or failed to pay for Mr. Rajabi's medical treatment . . . and/or denied medical treatment for Mr. Rajabi." App., Vol. I at 23. He alleged that, "[i]nstead of relying on [Mr. Rajabi's] treating physicians," the Claims Administrators "would

---

[2] Because the district court concluded that Mr. Rajabi failed to put forth "any competent summary judgment evidence" supporting his claim, it did not analyze the fairly-debatable standard. *Rajabi*, 2024 WL 3835697, at *4.

default to . . . 'independent' medical exams or record reviews performed by physicians known by [the Claims Administrators] to provide reports favorable to [their] position in contested workers' compensation claims." *Id.* at 21. The complaint asserted his "workers' compensation benefits were improperly delayed and/or denied," *id.* at 23, but it did not provide specifics.

2. **Pre-Summary Judgment Litigation**

On September 22, 2022, the district court entered a scheduling order, including discovery deadlines. The Claims Administrators served requests for admissions.

In March 2023, Mr. Rajabi's counsel moved to withdraw and for an extension of the deadlines. The district court extended the deadlines by three months and granted counsel's motion to withdraw. The Claims Administrators sought to schedule Mr. Rajabi's deposition and rejected his request to stay the deadlines due to his medical treatments. After his original counsel withdrew, Mr. Rajabi did not request a stay or a discovery extension that complied with the local rules.

In November 2023, Sedgwick moved for summary judgment. The district court scheduled a status conference, but Mr. Rajabi failed to appear. He later explained that his poor health limited his participation. In January 2024, Tristar moved for summary judgment.

In February 2024, a new counsel entered a limited appearance for Mr. Rajabi and moved for a six-month stay. The district court struck the motion for failure to comply with the local rules. The court stated clear instructions on how to request a 60-day stay, but Mr. Rajabi failed to do so.

In March 2024, after another counsel entered an appearance for Mr. Rajabi, the court again afforded Mr. Rajabi an opportunity to request a stay or seek additional discovery. It instructed counsel to file a motion "addressing all outstanding dates and issues, e.g., discovery, summary judgment response, etc." *Id.* at 14. Mr. Rajabi's new counsel requested an extension of time to respond to the summary judgment motions. He did not ask for a stay and did not request additional discovery, stating Mr. Rajabi "agree[s] with [the Claims Administrators'] counsel that discovery issues should be addressed following the disposition of summary judgment motions." App., Vol. III at 442. The court granted a 45-day extension for Mr. Rajabi to file his opposition to summary judgment.

At no point did Mr. Rajabi serve any discovery requests or respond to the Claims Administrators' discovery requests. In particular, he did not answer the requests for admissions, appear for a deposition, or disclose any experts. Because he failed to respond to the Claims Administrators' requests for admissions, the matters were deemed admitted under Federal Rule of Civil Procedure 36(a)(3).[3]

### 3. Summary Judgment

a. *The Claims Administrators' motions*

In their summary judgment motions, the Claims Administrators argued (1) Mr. Rajabi could not prove his claim because he lacked evidence that the Claims

---

[3] "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Administrators acted in bad faith, and (2) Mr. Rajabi's deemed admissions showed there were no genuine issues of material fact. *Rajabi*, 2024 WL 3835697, at *2 & n.1.

Sedgwick attached an affidavit and expert report from Gregory R. Giometti, a lawyer specializing in representing insurance companies and their insureds in litigation. He explained the insurance industry standards for bad faith in Colorado, provided a chronology of Mr. Rajabi's medical treatments and Sedgwick's claim handling, and opined that Sedgwick complied fully with industry standards.[4]

b. *Mr. Rajabi's opposition*

Mr. Rajabi argued that (1) the Claims Administrators failed to "make an affirmative showing of the absence of a genuine factual dispute," App., Vol. III at 461; (2) Mr. Giometti's report is inadmissible; (3) the summary judgment motions should have been brought under Federal Rule of Civil Procedure 37 as motions for discovery sanctions; and (4) he should be permitted to withdraw his "deemed admissions," *id.* at 471. He also attached an expert report from Dr. Ara Deukmedjian, M.D., who had performed a spinal surgery on Mr. Rajabi that the Claims Administrators had not authorized. Dr. Deukmedjian opined that the surgery was causally related to and necessary to address Mr. Rajabi's April 2017 injuries.

---

[4] Although Sedgwick retained Mr. Giometti, Tristar also attached his report to its summary judgment motion because Mr. Giometti said that he "saw no evidence that the Claim was improperly handled before Sedgwick became involved." App., Vol. II at 246, 317.

c.  *The district court's order*

The district court granted summary judgment to the Claims Administrators. *Rajabi*, 2024 WL 3835697, at *6.  It rejected Mr. Rajabi's argument that they failed to carry their burden as the movants, holding they "satisfied their initial summary judgment burden by directing the Court to [Mr. Rajabi's] apparent lack of admissible evidence suggesting that [the Claims Administrators] both unreasonably denied or delayed paying any benefits owed and knowingly or recklessly disregarded the validity of Plaintiff's claims." *Id.* at *3.  The court also said the Claims Administrators "adequately supported their motion with affirmative evidence" by providing Mr. Giometti's affidavit and report opining that the Claims Administrators complied with industry standards.  *Id.*

The district court rejected Mr. Rajabi's challenges to the admissibility and contents of Mr. Giometti's affidavit and report.  *Id.*  To the extent "[s]pecific portions of Mr. Giometti's materials" addressed issues exclusively reserved for the court and jury, the court said it "would not have permitted" such testimony at trial, but that "do[es] not warrant the wholesale exclusion of Mr. Giometti's affidavit and report for summary judgment purposes."  *Id.* at *4.

Having determined the Claims Administrators carried their burden, the district court assessed whether Mr. Rajabi had presented "evidence creating a genuine triable issue."  *Id.*  It determined he had not provided "any competent summary judgment evidence."  *Id.*  The court said his affidavit "recites legal conclusions and offers opinions as to [the Claims Administrators] behavior without explaining the factual

8

basis for those opinions." *Id.* And his "non-disclosed expert report" from Dr. Deukmedjian failed to raise a fact issue precluding summary judgment. *Id.* at *4-5. Although Dr. Deukmedjian opined on the causal relationship between Mr. Rajabi's spinal surgery and the April 2017 injury, he did not discuss whether the Claims Administrators' reliance on alternative physician opinions was unreasonable or whether they followed industry standards in handling Mr. Rajabi's claims. *Id.* at *5.

Because Mr. Rajabi's lack of evidence was dispositive, the district court "decline[d] to resolve the parties' dispute as to the status of [Mr. Rajabi's] deemed admissions." *Id.* at *2 n.1. It concluded "that summary judgment [was] warranted regardless of how the deemed admission issue resolves." *Id.* The district court also rejected his argument that the Claims Administrators' motions were "improper, backdoor motions for discovery sanctions," stating that "simply because [Mr. Rajabi's] conduct in discovery might warrant some lesser sanction than dismissal does not mean that [he] has adduced sufficient evidence that a reasonable jury could find in his favor." *Id.*

Finally, the district court said that because Mr. Rajabi had not (1) argued that he was unable to conduct adequate affirmative discovery or (2) sought relief under Federal Rule of Civil Procedure 56(d), it "presume[d] that [Mr. Rajabi] asserted his most compelling case in response to the summary judgment motions." *Id.* at *6

9

## II.  DISCUSSION

On appeal, Mr. Rajabi challenges (A) the district court's summary judgment ruling and (B) its failure to grant a stay of the case and an extension of time for discovery.  We reject both.

### A.  *Summary Judgment*

#### 1.  **Legal Standards**

"We review a district court's grant of summary judgment de novo, using the same standard applied by the district court."  *Walkingstick Dixon v. Oklahoma ex. rel. Reg'l Univ. Sys. of Okla. Bd. of Regents*, 125 F.4th 1321, 1333 (10th Cir. 2025) (quoting *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013)).  Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  We view the facts in the light most favorable to the non-movant, resolving all factual disputes and reasonable inferences in their favor.  *Cillo*, 739 F.3d at 461.

"The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."  *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016) (quotations omitted); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "A movant who does not bear the burden of persuasion at trial may satisfy this burden by pointing out to the court a lack of evidence on an essential element of the nonmovant's claim."  *Walkingstick Dixon*, 125 F.4th at 1333 (quotations omitted);

*see Celotex*, 477 U.S. at 325. "If the movant meets this initial burden, the burden then shifts to the nonmovant to set forth specific facts from which a rational trier of fact could find for the nonmovant." *Walkingstick Dixon*, 125 F.4th at 1333 (quotations omitted); *see Celotex*, 477 U.S. at 324.

2. **Analysis**

Mr. Rajabi argues the district court erred by (1) failing to require the Claims Administrators to "make an affirmative showing of the absence of genuine disputes of material facts," Aplt. Br. at 15; (2) considering Mr. Giometti's report, *id.* at 20-23; and (3) overlooking genuine disputes of material fact raised by Mr. Giometti's report, *id.* at 16.

a. *The Claims Administrators' initial burden*

Mr. Rajabi's first argument fails because, as the district court determined, the Claims Administrators "direct[ed] the Court to [Mr. Rajabi's] apparent lack of admissible evidence" showing that they "both unreasonably denied or delayed paying any benefits owed and knowingly or recklessly disregarded the validity of [Mr. Rajabi's] claim." *Rajabi*, 2024 WL 3835697, at *3. Based on our review of the summary judgment motions and the record, we see no error in this determination.

b. *Mr. Giometti's report*

Mr. Rajabi argues that the district court should not have considered Mr. Giometti's report because it included opinions on legal issues. Aplt. Br. at 20-22.[5] The court did not err.

As noted above, in bad faith insurance claim cases, "[t]he aid of expert witnesses is often required in order to establish objective evidence of industry standards." *Goodson*, 89 P.3d at 415; *see also, e.g.*, *Peden*, 841 F.3d at 890 (Industry standards "may be established through expert opinions or state law."). "But an expert may not state his or her opinions as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts," *Pioneer Ctrs. Holding Co. Emp. Stock Ownership Plan & Tr. v. Alerus Fin., N.A.*, 858 F.3d 1324, 1342 (10th Cir. 2017) (quotations omitted). To the extent Mr. Giometti did so, those parts of his report should not be considered in resolving the summary judgment motions. *See Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003). But they were not. The district court said it would not allow such evidence at trial and did not consider it when ruling on the Claims Administrators' motions. *See Rajabi*, 2024 WL 3835697, at *3-4, *4 n.3. So it did not err.

---

[5] Mr. Rajabi failed to raise this issue below, but the district court "passed upon" it, *see Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 992 (10th Cir. 2019) (quotations omitted), preserving his challenge for appellate review. The court said "Mr. Rajabi should have challenged Mr. Giometti's testimony in a freestanding motion [under Federal Rule of Evidence 702] rather than a summary judgment response," but it addressed the challenge on the merits anyway. *Rajabi*, 2024 WL 3835697, at *3 n.2.

c. *Material factual dispute*

Despite arguing that the district court should not have considered Mr. Giometti's report at all, Mr. Rajabi also contends the report showed material factual issues that should have precluded summary judgment because it described "conflicting conclusions between Mr. Rajabi's treating physicians and the Claims Administrators' retained physicians" about the need for treatment. Aplt. Br. at 16. This argument misunderstands the summary judgment standard, the law governing bad faith insurance claims, or both.

To avoid summary judgment, the nonmoving party must show a fact is not only disputed but also is material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Walkingstick Dixon*, 125 F.4th at 1333. "A fact is 'material' if it 'might affect the outcome of the suit under the governing law.'" *Alcala v. Ortega*, 128 F.4th 1298, 1306 (10th Cir. 2025) (quoting *Anderson*, 477 U.S. at 248).

Here, the issue under the governing law is whether the Claims Administrators acted reasonably under industry standards. *Goodson*, 89 P.3d at 414-15. So the material question is not whether Mr. Rajabi's treating doctors and the Claims Administrators' consulting doctors disagreed about whether treatment was necessary or related to the covered injury. If it were, any insurer's refusal to authorize payment for treatment in this circumstance would defeat summary judgment. The pertinent question instead is whether the Claims Administrators (1) acted unreasonably and (2) knowingly or recklessly disregarded the validity of the insured's claim. *See*

13

*Peden*, 841 F.3d at 890; *Zolman*, 261 P.3d at 496. As the district court determined, Mr. Rajabi presented no evidence that the Claims Administrators did so.

Mr. Giometti's report explains that the Claims Administrators denied authorization to pay for treatments and surgeries that their consulting physicians determined were "not medically reasonable and necessary" or "were unrelated to the April 23, 2017 injury." App., Vol. I at 201. Mr. Rajabi has offered no evidence to question the reasonableness of the Claims Administrators' decisions. *See Sandoval*, 952 F.3d at 1237 (noting the insurer's "disagreement with Ms. Sandoval's surgeon does not suggest that the investigation was unreasonable"). Nor has he controverted Mr. Giometti's conclusion that the Claims Administrators complied with industry standards. *See* Aplt. Br. at 16-19. Mr. Rajabi has presented no evidence that they failed to (1) reasonably investigate, *Peden*, 841 F.3d at 891, (2) "promptly and effectively communicate" claim handling information, *id.* (quotations omitted), or (3) pay undisputed benefits, *Fear v. GEICO Casualty Co.*, 560 P.3d 974, 976 (Colo. 2024).

In sum, as the district court found, Mr. Rajabi "lacks any competent summary judgment evidence that would allow a jury to conclude that [the Claims Administrators] acted unreasonably, let alone evidence showing that [the Claims Administrators] knowingly or recklessly disregarded the validity of [Mr. Rajabi's] claims." *Rajabi*, 2024 WL 3835697, at *4.

\* \* \* \*

14

Mr. Rajabi's challenges to the district court's summary judgment ruling lack merit. We affirm.[6]

## B. *Denial of Stay and Discovery Extension*

Mr. Rajabi argues the district court "abused its discretion in denying [him] a stay of litigation and additional time to pursue discovery." Aplt. Br. at 29. As Mr. Rajabi appears to agree, we review for abuse of discretion.[7] Based on the procedural history set forth above, we discern no error.

The district court afforded Mr. Rajabi multiple opportunities to seek a stay and more time for discovery. And, as the court noted, Mr. Rajabi did not request additional discovery under Federal Rule Civil Procedure 56(d), *Rajabi*, 2024 WL 3835697, at *6, which states, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery." "Because [Mr. Rajabi] 'failed to invoke Rule 56(d),' the district court 'did not err in

---

[6] Mr. Rajabi argues the district court erred because it relied on (1) the "fairly debatable" standard as "outcome determinative" and (2) his deemed admissions. Aplt. Br. at 23-29. It relied on neither. It instead granted summary judgment because Mr. Rajabi failed to present competent evidence that the Claims Administrators acted unreasonably. *Rajabi*, 2024 WL 3835697, at *2 n.1.

[7] *See, e.g., Price ex rel. Price v. W. Res., Inc.*, 232 F.3d. 779, 783-84 (10th Cir. 2000) (applying abuse of discretion standard to review a denial of a stay to take more discovery); *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (same); *Bolden v. City of Topeka*, 441 F.3d 1129, 1151 (10th Cir. 2006) (applying abuse of discretion standard to review a denial of a request to extend the discovery deadline).

granting summary judgment based on the evidence and arguments presented to it by both parties.'" *Int'l Bhd. of Boilermakers v. Baca*, 122 F.4th 1224, 1240 (10th Cir. 2024) (quoting *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1264 (10th Cir. 2020)).

We conclude the district court did not abuse its discretion.

### III.  CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge